WILLIAMS ET AL. VS. CHRISTIAN ET AL.

The case of *Shall vs. Biscoe,* (18 *Ark.* 162;) that where the vendor has made a deed of land sold, the lien of the vendor does not pass to an assignee by assignment of the notes given for the purchase money of the land, approved.

Where the vendor of land gives a bond for title on payment of the purchase money, the lien of the vendor does not pass to an assignee by assignment of the notes given for the purchase money of the land, where such assignment is *without recourse upon the assignor*—the acceptance of the notes so assigned seems to imply a reliance upon the personal responsibility of the maker.

*Appeal from Ashley Circuit Court in Chancery.*

WADDELL, for the appellants.

Here an assignee of the notes claims to enforce the lien of the vendor, and to enforce it against assignees of the land. All this may be done. 13 *Ark.* 540; 14 *Ark.* 633.

The established doctrine, in this State, is, that a sale by title bond is, in all its material features, the same as a mortgage by the purchaser to the vendor to secure the purchase money. If a note secured by mortgage be assigned, the mortgage passes with it. 18 *Ark.* 575. So in this case the mortgage lien passed to the complainants with the notes. This is the settled law here.

HUTCHINSON, for appellees.

Where the legal title remains with the vendor, it is admitted that the assignment of the notes given to secure the purchase money carries with it the lien, if the assignment is made without any conditions or restrictions. But where the assignment is made, as in this case, expressly without recourse on the assignor, the rule seems different. The cases of *Mackrath vs.*

*Symmons,* 1 *White & Tudor's Lead. Cas.* 274; and *Griggsby vs. Hair,* 25 *Ala.,* seem to put the law beyond all doubt that the vendor's lien does not pass when the notes are assigned without recourse.

Mr. Justice FAIRCHILD delivered the opinion of the court.

Christian sold his interest in certain lands to Hundley. For the price of the lands and for stock, household furniture, boats, wagon, and other personal property, Hundley gave to Christian two notes, one for six hundred dollars, the other for six hundred and twenty-five dollars. In the computation of the values of the lands and of the personal property, that of the latter was estimated at six hundred and twenty-six dollars, and that of the lands at five hundred and ninety-five dollars. So the answer of Christian and of Hundley aver, and they may be considered responsive to the charge of the bill that the two notes represented the consideration for the lands that passed from Hundley to Christian.

Christian transferred the two notes to the plaintiffs in payment of a debt he owed them, without any recourse upon him. Christian gave to Hundley a bond for title to the lands when the amount due on them should be paid. It did not recite the notes nor refer to them at all, nor mention the sale of the personal property, but stated the sale of the lands, and the amount due on them, as above mentioned. The bond is not brought into the case, the bill alleging that the plaintiffs had not seen it, and did not know its contents, but charging its existence or execution, to which the defendants Christian and Hundley answered by the foregoing statement.

Afterwards, Christian and Norris purchased the same lands from Hundley. And the plaintiffs having failed to collect the notes from Hundley, filed their bill against him, Christian and Norris, to subject the lands to the payment of the notes, on the ground that they represented the purchase money of the lands due from Hundley to Christian, for which Christian had a lien on the lands, and that Christian, by his assignment of the notes

to them, transferred to them, his lien, which equity ought to assist them in enforcing against Christian and Norris.

If principle would support the bill, it could not extend to the notes as such, but to the sum in them embracing the price of the lands, that is, to five hundred and ninety-five dollars, with interest according to the face of the notes.

Christian had the legal title to the interest in the lands he sold to Hundley, as a security for the purchase money. He assigned the notes, including the purchase money, to the plaintiffs, the appellants here, but without recourse upon him, and with Norris, bought back the lands from Hundley.

The bill charges that the agreement was between Christian and the plaintiffs, that the vendor's lien of Christian should be transferred with the notes; but that is strongly denied by the answer of Christian, is not sustained by proof, and is inconsistent with the terms of the assignment.

In *Shall vs. Biscoe*, 18 *Ark.* 172, this court, after a review of the numerous and conflicting decisions upon the assignability of vendor's liens, accruing in the two classes of cases where the vendor had made a deed, and had given bond for a deed to the land sold, held, according to what it considered to be the weight of authority, that when the lands had been conveyed, the lien of the vendor did not pass to an assignee by assignment of the notes given for the purchase money of the land. We approve of that case, not only because it is a binding authority, as a decision of this court, made upon full examination of a vexed question, and because as a question depending upon authorities it is according to their weight, but because it is better founded in principle than the opposite course of decision observed in Kentucky and some other states; as it places the lien on the ground of a personal equity between the vendor and vendee, and discourages secret incumbrances upon lands.

We are not called upon in this case to extend the principle to the other class of cases, and are therefore relieved from the enquiry whether there be any conflict between *Shall vs. Biscoe* and *Moore vs. Anders*, 14 *Ark.* 635; but we hold that the re-

17

stricted assignment of the notes in this case does not transfer any lien upon the lands mentioned in the bill to the plaintiffs, or to the firm of which they are the successors. The acceptance of notes so assigned seems to us to imply a reliance upon the personal responsibility of the maker of the notes. This has been held in Maryland and Alabama—*Schnebly vs. Ragan*, 7 *Gill & Johns.* 125 ; *Hall vs. Cleck*, 5 *Ala. N. S.* 366. The Alabama case is more to be considered as, with Kentucky, the courts of that state maintain the transfer of a vendor's lien by assignment of purchase money notes, when the lands purchased are conveyed by deed.

The decree dismissing the bill is affirmed.